UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALAN E. FISCHER III,
 et. al.,
        Plaintiff,

v.                                                    CIVIL ACTION NO: 1:24-cv-00044

DISTRICT OF COLUMBIA,
 et. al.,
        Defendants.
_____/

## PLAINTIFF'S RE-FILED MOTION FOR
## ALTERNATE SERVICE OF DEFENDANT PITTMAN

This second motion for alternate service of the summons and complaint on Defendant Yogananda Pittman is respectfully resubmitted following the Court's denial of the initial motion on May 8, 2024. The decision to re-file is driven by a) significant recent developments in the efforts to locate, notify and serve Defendant PITTMAN in this matter, and b) necessary and significant changes to the legal argument and case law in the initial motion's request for acceptance of alternate service methods by the Court. This motion seeks to build upon the previous motion by *updating* the court of new developments material facts and evidence, while *replacing* the previous legal argument authorities and case law governing the acceptance of alternate service attempts reasonably calculated to provide actual notice to Defendant PITTMAN.

# I. INTRODUCTION

The Plaintiff, through this introduction, aims to assist the Court in quickly identifying the enhancements made to a) the **facts** and b) the **law** in this motion to understand the basis for its reconsideration. First, specific **factual updates** surrounding the service of process on Defendant PITTMAN are as follows;

1. Correspondence with Defendant Pittman via Email:
    i. Defendant PITTMAN emailed the Plaintiff on May 16, 2024, responding to a second follow-up email by the Plaintiff sent on May 14, 2024, and requested to be served at the US Capitol Police Department. (*Exhibit A*).

2. USPS Priority Mail sent and delivered to USCP:
    i. The Plaintiff mailed the summons and complaint to USCPD as directed by PITTMAN, on May 17, 2024, via USPS Priority Mail. Delivered on May 22, 2024. (*Exhibit B*).

3. USPS Certified Mail sent to Pittman's residences rejected:
    i. USPS Certified Mail sent to PITTMAN's residences in MD and CA on May, 01, 2024 arrived on May 04 and May 09, 2024 respectively, but USPS notice of attempted delivery instructing the recipient to claim the mail or schedule redelivery went ignored. (*Exhibit C*).

4. USPS Certified Mail sent to USAO DC delivered:
    i. USPS Certified Mail sent to USAO DC on May 01, 2024 arrived and was successfully delivered on May 08, 2024. (*Exhibit C*).

5. USPS Certified Restricted Mail sent to Pittman's workplace, UCPD Berkeley, went missing:
    i. USPS Certified Restricted mail sent to Defendant PITTMAN's UCPD Berkely workplace on May 01, 2024 mysteriously never arrived. Via tracking, the package appears to have gone missing at the USPS processing center at the Tampa, FL airport. All other envelopes mailed the same day, May 01, 2024, arrived at their destination within 3-10 days, however this one envelope still has not arrived 5 weeks later. (*Exhibit C*).

Second, the **revised legal authorities** supporting this motion's legal argument, *replacing* the authorities and subsequent legal arguments cited in the original motion's (ECF no. 8) "IV. Legal Argument", are as follows;

1. Federal Rules of Civil Procedure, Rule 4
2. D.C. Superior Court Rules of Civil Procedure, Rule 4
3. *Sanchez v. Yu Lin Corporation*, (D.D.C. 2022)
4. *United States v. Twenty-Four Cryptocurrency Accounts*, (D.D.C. 2020)
5. *FTC v. PCCare247 Inc.,* (S.D.N.Y. 2013),
6. *Rio Properties, Inc. v. Rio International Interlink* (9th Cir. 2002),
7. *TRW Inc. v. Derbyshire,* 157 F.R.D. 59, 60 (D. Colo. 1994),
8. *Verizon Trademark Services, LLC v. Producers Inc.,* (M.D. Fla. 2011),
9. Fernandez v. Chamberlain, 201 So. 2d 781, 786 (Fla. 2nd DCA 1967)
10. Chanel, Inc. v. Zhixian, (S.D. Fla. 2010),
11. *TracFone Wireless, Inc. v. Distelec Distribuciones Electronicas,* (S.D. Fla. 2010),
12. *ECHO Health, Inc. v. Echo Payments,* (D. Minn. 2023),
13. *Seaboard Marine Ltd., Inc. v. Magnum Freight Corp.,* (S.D. Fla. 2017),
14. *SingleCare Services, LLC v. Johnson (S.D.N.Y. 2020),*
15. *National Labor Relations Board v. Clark,* (5th Cir. 1972)
16. *Popular Enterprises, LLC v. Webcom Media Group, Inc.,* (E.D. Tenn. 2004),
17. *Transamerica Corp. v. TransAmerica Multiservices Inc. et al., (S.D. Fla. 2018)*
18. *Studio A Entertainment, Inc. v. Active Distributors., Inc.,* (N.D. Ohio 2008)
19. *Fraserside IP LLC v. Letyagin, (N.D. Iowa 2012),*
20. *Garrison, et al., v. Paffrath, et al.,* (S.D. Fla. 2023),
21. *In re Int'l Telemedia Assoc., Inc.,* 245 B.R. 713, 721 (N.D. Ga. 2000)

## II. UPDATE ON SERVICE

As of the date of the Plaintiff's last filing (ECF no. 8), and as highlighted in the previous section, several updates in serving Defendant PITTMAN have occurred.

After sending Defendant PITTMAN the summons and complaint via email (on May 06, 2024) and receiving no response, the Plaintiff sent a second email (on May 14 2024) as a reply to the initial May 6th email. Within two days (on May 16 2024) this "second attempt" email was replied to by Defendant PITTMAN, who did not acknowledge receipt of the attached summons and complaint PDF files, but did acknowledge receipt of the email and requested to be served at the US Capitol Police Department, stating: "I am in receipt of your email. You can serve me at the United States Capitol Police. 119 D Street NE Washington DC 20510." Defendant PITTMAN subsequently ignored a third email reply sent by the Plaintiff (on May 18 2024), notifying her of the USPS Certified Mail delivery attempts and notices left at her MD and CA residences and instructing her to re-schedule the delivery with USPS to receive the documents. PITTMAN continued to ignore the notice of Certified Mail delivery by the Plaintiff and by USPS, and the mail was returned to the Plaintiff undelivered after two weeks (on May 21, 2024 and May 25, 2024).

With the goal of ending this cat-and-mouse game, the Plaintiff complied with Defendant PITTMAN's request to serve her at the given USCP address, and mailed a copy of the summons and complaint to the provided address on May 17, 2024 via USPS Priority Mail. This mail was confirmed delivered to this address at 11:35 am on May 22, 2024.

4

# III. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 4(m), Plaintiffs are required to complete service of process on Defendants within 90 days after the complaint is filed, but allows for additional time if the Plaintiff shows good cause for the failure:

> If a Defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiffs have the burden of showing good cause. Light v. Wolf, 816 F.2d 746, 751 (D.C. Cir. 1987). "Good cause exists when some outside factor rather than inadvertence or negligence, prevented service." Mann v. Castiel , 681 F.3d 368, 374 (D.C. Cir. 2012). Cases in which the defendant purposefully evades service "provide strong arguments for granting good cause extensions." 4B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1137 (4th ed.). Fed. R. Civ. P. 4(d)(1) states that individuals (defendants) have "a duty to avoid unnecessary expenses of serving the summons."

Pursuant to Fed. R. Civ. P. 4(e), service of process on individuals may be completed by following state law in the state where service is made:

> (1) **following state law for serving a summons in an action** brought in courts of general jurisdiction in the state where the district court is located or **where service is made**; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a

copy of each to an agent authorized by appointment or by
law to receive service of process.

State law governing alternate service in California CCP § 413.30 allow for
alternate service methods when no provision is made by law, provided the method is
reasonably calculated to give actual notice. State law governing service in Maryland
Rule 2-121(c) similarly allows the court to order any other means of service deemed
appropriate and reasonably calculated to give actual notice, after good faith efforts
have failed. District of Columbia law, D.C. Supr. Ct. R. Civ. P. 4(e)(3)(A), allows
Plaintiffs to use "alternative methods of service" on individuals "[i]f the court
determines that, after diligent effort, a party has been unable to accomplish service by
a method." The court may allow service by any "manner that the court deems just and
reasonable," so long as the chosen method is "reasonably calculated to give actual
notice of the action to the party to be served." Alternative service under District of
Columbia law, D.C. Super. Ct. R. Civ. P. 4(e)(3)(B), may include:

> (i) delivering a copy to the individual's employer by leaving
> it at the individual's place of employment with a clerk or
> other person in charge; (ii) transmitting a copy to the
> individual by electronic mail if the serving party: (a) shows
> that the party to be served used this method for successful
> communication within the past 6 months; and (b) sends a
> copy, by first class mail, to the last-known business or
> residential address of the person to be served; or (iii) any
> other manner that the court deems just and reasonable.

The District of Columbia also permits alternate service on individuals via "registered
or certified mail, return receipt requested," or first-class mail requesting an
acknowledgment, addressed "to the person to be served" per D.C. Super Ct. R. Civ. P.
4(c)(4), 4(c)(5).

When considering acceptance of alternate service methods, courts must ensure that the alternative method of service meets due process requirements, meaning the method must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" per the Supreme Court's ruling in *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Federal Courts have consistently recognized that the primary goal of service of process is to notify a defendant of the pendency of an action, thereby enabling them to respond and defend themselves. It has been established that the rules governing service of process **"are not designed to create an obstacle course for Plaintiffs to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction."** (*TRW Inc. v. Derbyshire,* 157 F.R.D. 59, 60 (D. Colo. 1994))**.**

In *Sanchez v. Yu Lin Corporation*, (D.D.C. 2022), the Court ordered alternate service of process on evasive defendants, ruling:

> "[the] court will grant Plaintiff's request to serve each individual Defendant via United States Postal Service (USPS) Priority mail at both their residence and home addresses. Plaintiff shall file an affidavit of service that includes the tracking certification provided by the USPS upon confirmation of delivery. This court finds that service in this manner is "reasonably calculated to give actual notice of the action to the party to be served." D.C. Super. Ct. R. Civ. P. 4(e)(3)(A)."

In *United States v. Twenty-Four Cryptocurrency Accounts*, (D.D.C. 2020), the Court permitted alternate service of process of Defendants by email, citing the Court's ruling in *FTC v. PCCare247 Inc.,* (S.D.N.Y. 2013), which permitted notice by email where it was "reasonably calculated to provide defendants with notice"

The courts have long recognized that where traditional methods of service pose significant challenges, alternative methods may be employed. In *FTC v. PCCare247,* (S.D.N.Y. 2013), the Court ruled that "[s]ervice by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." In *Seaboard Marine Ltd., Inc. v. Magnum Freight Corp.,* (S.D. Fla. 2017), the Court allowed service through email when the defendant evaded service, refused to accept service via FedEx, and had communicated with the email plaintiff proposed to use for service. In *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007 (9th Cir. 2002), the Court approved email service as reasonably calculated to give notice to an elusive party, ruling that email service is warranted when a plaintiff is unable to personally serve a defendant at a physical address and has proven that email is the most effective means of providing the defendant with notice of the action. The Court stated further that: "we leave it to the discretion of the district court to balance the limitations of email service against its benefits in any particular case." The Court in *Studio A Entertainment, Inc. v. Active Distributors, Inc.*, (N.D. Ohio 2008) upon granting alternate service held that "the court may require the plaintiff to show that reasonable efforts to serve the defendant have already been made, and that the court's intervention will avoid further burdensome or futile attempts at service." In *SingleCare Services, LLC v. Johnson,* (S.D.N.Y. 2020), the court authorized service by email and U.S. Mail, stating:

> [the Plaintiff]'s proposed combination of service via both email and U.S. Mail comports with due process. Due process requires "that the method of service be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford

> them an opportunity to present their objections.' Id.
> (quoting Mullane v. Cent. Hanover Bank; Trust Co., 339
> U.S. 306, 314 (1950)). First, "[s]ervice by email alone
> comports with due process where a plaintiff demonstrates
> that the email is likely to reach the defendant." F.T.C. v.
> PCCare247 Inc., No. 12 Civ. 7189 (PAE), 2013 WL 841037,
> at 4 (S.D.N.Y. Mar. 7, 2013).

In *ECHO Health, Inc. v. Echo Payments,* (D. Minn. 2023), the court authorized alternative service of process via email where defendant intentionally concealed its whereabouts. In *Transamerica Corp. v. TransAmerica Multiservices Inc. et al.,* (S.D. Fla. 2018), the Court issued an order authorizing service of process by electronic mail where the plaintiff was unable to make personal service due to evasive conduct by the Defendants. In *Fraserside IP LLC v. Letyagin,* (N.D. Iowa 2012)*,* the Court granted alternate service by email and held that "[a]uthorizing service by email certainly is not traditional, but it does not appear that such service has been unequivocally prohibited by any court. The Court in *In re Int'l Telemedia Assoc., Inc.*, 245 B.R. 713, 721 (N.D. Ga. 2000) stated that no court has rejected service of process via electronic mail on its face. In *TracFone Wireless, Inc. v. Distelec Distribuciones Electronicas,* (S.D. Fla. 2010) the Court permitted plaintiff to serve defendant via Fed-Ex and hand-delivery to defendant's attorney. In *Chanel, Inc. v. Zhixian,* (S.D. Fla. 2010) the Court authorized service via email and public announcement. In *Popular Enterprises, LLC v. Webcom Media Group, Inc.,* (E.D. Tenn. 2004) the court ruled that service upon the defendant by email is fully authorized, is the method most likely to reach the defendant, and is reasonably calculated to apprise the defendant of the pendency of the action and afford it an opportunity to be heard. The Court further reasoned an email sent to an email address supplied by the defendant to its domain name registrar

presumably reached defendant since it did not bounce back. In *Garrison, et al., v. Paffrath, et al.,* (S.D. Fla. 2023), the Court ruled that "Email, social media, and posting on a designated website are reasonably calculated to give notice to [the Defendant]" where the Defendant was shown to be an active Twitter user, and where there was a verified email address for the Defendant "[in] which Plaintiffs' counsel has previously emailed and which email did not bounce back, indicating [the Defendant] received it and his email address [was] valid and operational." In *National Labor Relations Bd. v. Clark*, (5th Cir. 1972), the court ruled that "due process does not require receipt of actual notice in every case. Stating that "a form of notice reasonably calculated to give [Defendant] knowledge of the proceedings and an opportunity to be heard" was constitutionally adequate.

In addressing the challenges of serving uncooperative defendants, courts have consistently held that a defendant "[w]ith knowledge of th[e] action . . . cannot be allowed to avoid personal and substitute service of process by failing to retrieve his own mail . . . and by failing to provide relevant information about his whereabouts to Plaintiffs in order to permit personal service[.]" This principle, originally stated in *Fernandez v. Chamberlain*, 201 So. 2d 781, 786 (Fla. 2nd DCA 1967), was affirmed in *Verizon Trademark Services, LLC v. Producers Inc.,* (M.D. Fla. 2011) where the court underscored the importance of ensuring that service of process is not thwarted by the defendant's evasive actions.

10

# IV. ARGUMENT

To date, the Plaintiff has engaged in numerous good faith attempts to complete process of service on Defendant PITTMAN at her workplace at UCPD Berkely Police Department, and at her known residences in California and Maryland. As Chief of the Department PITTMAN used her subordinates at the Berkeley PD to thwart process servers' personal service attempts by concealing her whereabouts, thereby enabling her evasion. Attempts by process servers to locate Defendant PITTMAN at her registered residences in Brandywine, MD, and Oakland, CA, to effect personal service have been unsuccessful. Attempts at sending USPS Certified Mail deliveries to these addresses were unsuccessful, as mail was rejected. Given the Defendant's repeated wide-ranging efforts to evade service, it is not unreasonable for the Plaintiff to seek relief from the court rather than expend additional time and expense. The alternate service methods employed by the Plaintiff are practical under the current circumstances and "reasonably calculated, under all circumstances, to apprise the defendant of the action." Courts have consistently upheld alternative service where defendants have evaded service, recognizing that justice requires such flexibility.

The Plaintiff requests the Court to recognize the need for and the sufficiency of these alternative service methods for the foregoing reasons and authorities mentioned in this motion, specifically District of Columbia law D.C. Supr. Ct. R. Civ. P. 4(e)(3)(A) allowing Plaintiffs to use "alternative methods of service" on individuals "[i]f the court determines that, after diligent effort, a party has been unable to accomplish service by a method [...] by any manner that the court deems just and reasonable," so long as the chosen method is "reasonably calculated to give actual notice of the action to the party

to be served"; and the accepted methods of service in D.C. Supr. Ct. R. Civ. P. 4(e)(3)(B), 4(c)(4), & 4(c)(5); and the decisions in *FTC v. PCCare247* (S.D.N.Y. 2013), Sanchez v. Yu Lin Corp., (D.D.C. 2022); *stare decisis* and other binding and persuasive authorities outlined in this motion; and the facts and evidence surrounding attempts at service of process, and authorize alternative service of the summons and complaint by electronic mail, and by USPS mail.

Due to the wide range of good faith attempts, evasion by the defendant, and legal authorities detailed in the previous section governing Rule 4 process of service; alternate service on Defendant PITTMAN should be authorized and accepted by email and/or by USPS priority mail and be deemed complete.

## V. CONCLUSION

Wherefore, the Plaintiff respectfully requests that the Court grant this motion for acceptance of alternate service on Defendant PITTMAN.

~~~

28 U.S.C. § 1746 Declaration*: I hereby declare the following under penalty of perjury: "I certify and swear under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed on Jun 6, 2024."*

By:  /s/ Alan E. Fischer III  .
       Alan E. Fischer III
       Jun 6, 2024